RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0226p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

EDMUND ZAGORSKI,

*Petitioner-Appellant*,

*v.*

No. 18-6052

TONY MAYS, Warden,

*Respondent-Appellee*.

───────────────

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:99-cv-01193—Aleta Arthur Trauger, District Judge.

Decided and Filed:  October 10, 2018

Before:  COLE, Chief Judge; COOK and GRIFFIN, Circuit Judges.

───────────────

**COUNSEL**

**ON MOTION AND REPLY:** Paul R. Bottei, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant.  **ON RESPONSE:**  Michael M. Stahl, John H. Bledsoe, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

GRIFFIN, J., delivered the order of the court in which COLE, C.J., joined.  COOK, J. (pp. 5–6), delivered a separate dissenting opinion.

———————————

**ORDER**

———————————

GRIFFIN, Circuit Judge.

The State of Tennessee has scheduled petitioner Edmund Zagorski's execution for tomorrow, October 11, 2018 at 7:00 p.m. He moves this court for a stay of execution. For the reasons that follow, we **GRANT** petitioner's motion and hereby **ORDER** the execution stayed.

A Tennessee jury found petitioner guilty of two counts of first-degree murder and imposed a death sentence. Zagorski was unsuccessful in direct and post-conviction proceedings in state court, *State v. Zagorski*, 701 S.W.2d 808 (Tenn. 1985), *Zagorski v. State*, No. 01C01-9609-CC-00397, 1997 WL 311926 (Tenn. Crim. App. June 6, 1997), *aff'd*, 983 S.W.2d 654 (Tenn. 1998), and in habeas proceedings. *Zagorski v. Bell*, 326 F. App'x 336 (6th Cir. 2009).

The present appeal stems from the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), in which the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. Zagorski wishes to leverage *Martinez* (and the Supreme Court's expansion of *Martinez* in *Trevino v. Thaler*, 569 U.S. 413 (2013)), to reopen three procedurally defaulted habeas claims.

On September 12, 2018, the district court denied petitioner's Rule 60(b) motion for relief from judgment. In denying the motion, the district court correctly highlighted that *Martinez* and *Trevino*, "alone, are not extraordinary circumstances warranting relief from a final judgment in a habeas corpus action." (Citing *Miller v. Mays*, 879 F.3d 691, 698–99 (6th Cir. 2018)). Yet, the district court recognized the issues presented in petitioner's motion were not frivolous and were raised in good faith. Further, the district court ruled that Zagorski made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). The court held that reasonable minds could differ on the issues raised and thus granted a certificate of appealability on two issues:

> [P]etitioner's motion raises a question about whether *Martinez* applies in conjunction with *Edwards v. Carpenter*, 529 U.S. 446 (2000), to excuse the default of underlying substantive claims, which has never been addressed by a federal appellate court. He also raises a non-frivolous claim of ineffective assistance of trial counsel. The court's disposition of both of those issues, and whether they might merit relief in combination with *Martinez*, are reasonably debatable. Because an appeal from this order would not be in bad faith, the court also GRANTS the petitioner permission to appeal *in forma pauperis*.

Petitioner filed a timely appeal on October 5, 2018. He then filed concurrent motions to stay the execution in the district court and in this court. Yesterday, the district court denied Zagorski's motion to stay his execution.

Federal courts have the authority to stay an execution when a "habeas corpus proceeding is . . . pending appeal." 28 U.S.C. § 2251(a)(1). We generally apply a four-factor test in deciding whether to grant a stay: "1) whether there is a likelihood he will succeed on the merits of the appeal; 2) whether there is a likelihood he will suffer irreparable harm absent a stay; 3) whether the stay will cause substantial harm to others; and 4) whether the injunction would serve the public interest." *Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007). After balancing these competing factors, we hold that a stay is warranted.

In doing so, we conclude that this case presents exceptional circumstances warranting a stay. We acknowledge, as the district court did, that petitioner faces an uphill battle on the merits. Yet, balancing this factor with the others, petitioner's motion presents conditions rarely seen in the usual course of death penalty proceedings. Zagorski timely sought Rule 60(b) relief, which the district court recently denied after a lengthy stay of proceedings that began in 2013.

In denying petitioner's motion for relief from judgment, the district court also granted Zagorski an appeal by right when it granted him a certificate of appealability. *See generally Slack v. McDaniel*, 529 U.S. 473 (2000) (discussing 28 U.S.C. § 2253(c)). Zagorski timely exercised that right by filing a notice of appeal in our court. If we do not grant a stay, we will necessarily be deciding or rendering moot his appeal, without affording Zagorski the opportunity to present his appeal to us in the first instance. Briefing on petitioner's appeal of right is incomplete and we have yet to decide the issues raised. At a minimum, due process requires that Zagorski be afforded an opportunity to present his appeal to us. *Cf. Boddie v. Connecticut*, 401

U.S. 371, 377 ("[D]ue process requires, at a minimum, that . . . persons . . . must be given a meaningful opportunity to be heard.").

We hereby **GRANT** petitioner's motion and **ORDER** a **STAY** of Zagorski's execution.

—————————

**DISSENT**

—————————

COOK, Circuit Judge, dissenting.  I respectfully dissent.  The majority balances four competing factors and determines that Zagorski's appeal warrants a stay.  I come to the opposite conclusion.

As the majority acknowledges, Zagorski's appeal is virtually unwinnable.  The district court's decision to grant a certificate of appealability, with its easier-to-meet standard, coincided with her thorough analysis in deciding to *deny* Zagorski's Rule 60(b) motion, and her later *denial* of the stay.

The district court granted a certificate of appealability because Zagorski raised a novel question of law in arguing that a combination of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Edwards v. Carpenter*, 529 U.S. 446 (2000) might resuscitate three otherwise procedurally defaulted habeas claims.  But our cases make clear that *Martinez* did not change a criminal defendant's constitutional rights, but instead equitably adjusts his eligibility for federal statutory relief.  *Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018).  These changes in decisional law are usually not, by themselves, extraordinary circumstances meriting Rule 60(b)(6) relief.  *Id.*; *see also Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014).  Additionally, Zagorski asks us to broadly apply an exception that the Supreme Court has repeatedly called especially narrow.  *See, e.g.*, *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017), *Carruthers v. Mays*, 889 F.3d 273, 288 (6th Cir. 2018).  Even if we credited this theory, the district court thoroughly evaluated the merits of each of Zagorski's underlying constitutional claims and found that none weighed in favor of granting relief under Rule 60(b)(6).  Because of the underlying equitable principles involved, we give especially broad deference to the district court's discretionary denial of Zagorski's motion.  None of the arguments in Zagorski's appeal undercut this analysis.

Zagorski will certainly suffer the most irreparable of harms absent a stay, but the Supreme Court has warned us to also account for "the State's significant interest in enforcing its criminal judgments" in our deliberations.  *Nelson v. Campbell*, 541 U.S. 637, 650 (2004).

The majority has failed to do just that. A State is entitled to the assurance of finality. Only with this certitude can it "execute its moral judgment in a case." *Calderon v. Thompson*, 523 U.S. 538, 556 (1998). And "[o]nly with real finality can the victims of crime move forward knowing the moral judgment will be carried out." *Id.* Granting the stay shortchanges the State's interests.

For these reasons, I respectfully dissent and would deny Zagorski's motion to stay.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk